IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANNY FOSTER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-302-RAH |
| | ) |
| JEREMY DUERR, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On August 29, 2024, the Magistrate Judge recommended the Defendants' Motions for Summary Judgment (Docs. 20 & 25) should be granted and this case dismissed with prejudice. On September 18, 2024, Plaintiff Danny Foster, Sr., filed Objections (Doc. 37) to the Magistrate Judge's Recommendation (Doc. 36).

When a party objects to a Magistrate Judge's Report and Recommendation, a district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F.

App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

In September 2019, the Plaintiff requested a certified copy of a ballistics report from the Alabama Department of Forensic Sciences for a shooting incident which took place in Randolph County in December 1995.  The Department, however, denied the request on the basis that Foster's request involved a pending criminal case.

In his Objections, the Plaintiff argues the Magistrate Judge's determination that the report may be made available to him after the ballistics report becomes public record pursuant to Ala. Code § 36-18-2 is misplaced.  The Court notes that the report presently is not public record and therefore is unavailable to him.

The Plaintiff maintains that Alabama Code § 36-18-25(j)(2) and § 36-18-27(c) are more applicable to his situation.  The Court recognizes both §§ 36-18-25(j)(2) and -27(c) authorize production of DNA evidence in certain circumstances. Section 36-18-27(c) provides that "DNA records collected and maintained for the purpose of identification of criminal suspects or offenders shall be disclosed only . . . [f]or criminal defense purposes, to a defendant, who shall have access to samples and analyses performed in connection with the case in which such defendant is charged."

Section 36-18-25(j) also authorizes the release of DNA evidence and samples for criminal defense and appeal purposes to a defendant. Importantly, § 36-18-25(h) provides that "[n]othing in this article shall be construed as creating a cause of action against the state or any of its agencies, officials, employees, or political subdivisions based on the performance of any duty imposed by this article or the failure to perform any duty imposed by this article." These statutes, however, must also be read together with §12-21-3.1 which sets forth limited subpoena rights. Section 12-21-3.1(d) provides, "Discovery orders prior to the disposition of the criminal matter under investigation are not favored and should be granted only upon showing that the party seeking discovery has substantial need of the materials and is unable, without undue hardship, to obtain the substantial equivalent by other means."

Instead of availing himself of the subpoena process, *see* Ala. Code § 12-21-3.1, the Plaintiff asks this Court to *order* State officers and agencies to provide him access to the ballistics report. A federal court order to provide the requested injunctive relief would interfere with the ongoing state proceedings. As discussed in the Recommendation, the Court is mindful of the *Younger* abstention doctrine and will not interfere in a pending state proceeding. Consequently, to the extent the Plaintiff seeks injunctive relief implicating important State interests related to an open investigation in a criminal case (Randolph County, CC-1996-48), the Court disagrees that the dismissal should be with prejudice. *See Smith v. Mercer*, 266 F.

3

App'x 906 (11th Cir. 2008) (A dismissal under the *Younger* abstention principle must be without prejudice because it does not operate as an adjudication on the merits, nor can it bar a future claim in the state court or even federal court depending on what is ultimately addressed in the state court.).

This Court has independently reviewed the record, including the parties' pleadings and motions, the Magistrate Judge's Recommendation, and the Plaintiff's Objections. Accordingly, it is

ORDERED as follows:

1. The Objections (Doc. 37) are OVERRULED;

2. With modifications, the Magistrate Judge's Recommendation (Doc. 36) is ADOPTED;

3. The Motions for Summary Judgment (Docs. 20 and 25) are GRANTED;

4. To the extent the Plaintiff seeks injunctive relief implicating important State interests related to an open investigation in a criminal case (Randolph County, CC-1996-48), the claims are DISMISSED without prejudice;

5. This case is DISMISSED;

6. The parties shall bear their own costs.

A final judgment will be filed separately.

DONE, on this the 24th day of September 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE